UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GARCIA,<br><br>        Plaintiff,<br><br>        v.<br><br>PACIFIC GAS & ELECTRIC COMPANY,<br><br>        Defendant. | Case No. 24-cv-04150-VC<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS AND REMANDING REMAINING CLAIMS**<br><br>Re: Dkt. No. 18 |

Garcia filed a complaint in state court alleging various California wage and hour law violations against PG&E. PG&E removed to federal court arguing that Garcia's claims are preempted by the LMRA. *See Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019). PG&E now moves to dismiss the allegedly preempted claims because Garcia neither exhausted the CBA's required grievance and arbitration process before bringing suit nor alleged that his union breached its duty of fair representation in failing to advance his claims. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 985–86 (9th Cir. 2007). Garcia does not dispute that any preempted claims should be dismissed, but he asks that any non-preempted claims be remanded to state court. The motion to dismiss is granted in part, and the remaining claims are remanded. This ruling assumes the reader's familiarity with the facts, governing legal standards, and arguments made by the parties.

*Preempted Claims*: Garcia's claim for failure to provide meal period under California Labor Code Section 512(a) is preempted by the LMRA under the first step in *Burnside* because his right to meal periods exists solely as a result of his CBA. *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1060 (9th Cir. 2007); *see Araquistain v. Pacific Gas & Electric Co.*, 229 Cal.

App. 4th 227, 230, 236–38 (2014). Employees are exempt from Section 512(a) if their CBA provides for meal periods, final and binding arbitration of disputes concerning its meal period provisions, wages, hours of work, working conditions, premium wages for overtime, and a regular hourly rate of pay over 30% of the minimum wage. Cal. Lab. Code § 512(e)(2). Garcia's CBA meets Section 512(e)'s requirements.[1]

Garcia's claim for failure to pay overtime under California Labor Code Section 512 is preempted under the first step of *Burnside* because his CBA provides for wages, hours of work, working conditions, premium wage rates for overtime, and a regular hourly rate over 30% of the state's minimum wage as required by California Labor Code Section 514. *See Curtis*, 913 F.3d 1154–55.

Garcia's claim for failure to comply with a statutory or contractual wage scale under California Labor Code Section 223 is preempted because Garcia's wage scale is not designated by statute but rather by his CBA. *See Navarro v. Servisair, LLC*, No. C 08-2716, 2008 WL 3842984, *4-5 (N.D. Cal. Aug. 14, 2008).

Lastly, Garcia's claim under California Labor Code Section 204(a) that he wasn't paid semimonthly is preempted under *Burnside* Step One because employees are excluded from coverage under when their CBA provides for a different pay arrangement, which Garcia's does here. *See* Cal. Lab. Code § 204(c).

*Remaining Claims*: PG&E did not move to dismiss Garcia's rest period claim, so that remains. Garcia's minimum wage claim under California Labor Code Section 1197 cannot be dismissed as preempted because employees cannot waive their right to a minimum wage through a CBA. *See Huerta v. CSI Electrical Contractors*, 15 Cal. 5th 908, 933 (Cal. 2024).

Garcia's claim under California Labor Code Section 2802 that he was not adequately reimbursed for the necessary business expense of flame-resistant clothing is also not preempted—at least not on this record. Here, the parties agree that Garcia's right stems from

---

[1] PG&E's request for judicial notice of the CBAs that governed Garcia's employment from 2020-2025 is granted. Dkt. No. 18.

state law under *Burnside* Step One. PG&E argues under *Burnside* Step Two that the claim is nonetheless preempted because it requires interpretation of the CBA. However, PG&E failed to point to specific language in the CBA that would need to be interpreted to adjudicate this claim. *Burnside*, 491 F.3d at 1060. PG&E cites some portions of the CBA that discuss expenses such as travel, meals, moving, and personal vehicles, but those provisions say nothing about the flame-resistant clothing. PG&E represented in its reply and at the hearing that such clothing is covered by other letter agreements but failed to put those agreements into the record for the Court to consider.

Finally, the derivative claims are not preempted insofar as they rely on the rest period, minimum wage, and expense reimbursement claims.

Because the preempted claims are dismissed, the remaining claims, all of which are brought pursuant to state law, are remanded. The Court does not see how it would have authority to grant PG&E's request to exercise supplemental jurisdiction over these claims, but even if had such authority, it would decline to exercise it. The Clerk of the Court is directed to remand the case to the San Francisco County Superior Court.

**IT IS SO ORDERED.**

Dated: September 17, 2024

VINCE CHHABRIA
United States District Judge